IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LIU ZHEN GANG,
    Petitioner,

v.

MARY SABOL, et al.,
    Respondents.

3:15-cv-00738

(Judge Mariani)

## MEMORANDUM

On April 15, 2015, Petitioner, Liu Zhen Gang, a native and citizen of China, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking release from custody. (Doc. 1) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable period permitted to effectuate an alien's deportation following a final order of removal). At the time his petition was filed, Petitioner was detained at the York County Prison, in York, Pennsylvania. (Doc. 1).

On October 21, 2015, Respondents filed a suggestion of mootness stating that Petitioner was released from custody on or about October 9, 2015, pursuant to an order of supervision. (Doc. 6-1, Release Notification). Respondents argue that the habeas petition is therefore moot. (Doc. 6, p. 1) (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")). For the reasons

set forth below, the habeas petition will be dismissed as moot.

I. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (Jones, J.) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See Buczek v. Werlinger*, 513 Fed. App'x 126 (3d Cir. 2013) (dismissing appellant's appeal of the District Court's denial of his habeas petition as moot because appellant was released from custody to serve his term of supervised release); *Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011) (Nealon, J.); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (Conner, J.) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Because Petitioner has since been released from ICE custody on an order of supervision, the petition no longer presents an existing case or

controversy. See *Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the habeas relief he sought, namely, to be released from ICE custody. See *Sanchez v. AG*, 146 Fed. Appx. 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released); *Green v. Decker, et al.*, 2013 U.S. Dist. LEXIS 82974 (M.D. Pa. 2013) (concluding that the petitioner's removal to Jamaica rendered the habeas petition moot because he received the only relief sought, his release on supervision from ICE custody); *Williams v. Sherman*, 214 Fed. App'x 264, 265 (3d Cir. 2007) (petitioner's challenge is mooted when he is granted supervised release). Accordingly, the instant habeas corpus petition will be dismissed as moot.

A separate Order will be issued.

Date: November 2, 2015

Robert D. Mariani
United States District Judge